**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **WAYNE WILLIS, # N-42118,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-59-GPM** |
| | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| **DENTIST OVERALL,** | ) | |
| **WARDEN ATCHISON,** | ) | |
| **and SALVADORE GODINEZ,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving sentences of twenty-three, ten, and six years for several convictions of aggravated criminal sexual assault. Plaintiff claims that Defendants were deliberately indifferent to a serious medical condition.

More specifically, Plaintiff claims that in December 2009, he requested Defendant Overall (the prison dentist) to fit him with dentures and provide him with a soft diet because his gums were swollen and he was in severe pain (Doc. 1, p. 5). He was put on a list to have two fillings, but he received neither dentures, pain medication, nor a soft diet order. In July 2011, Plaintiff sent several requests to Defendant Overall, complaining of extreme pain because he had never received dentures. He got no response, and followed up by filing a grievance. The grievance was answered with a statement that "Dental knows of your issue and you have to wait your turn like everybody else" (Doc. 1, pp. 6, 9). Plaintiff was made to wait for over two years

for dentures,[1] during which his condition became worse and he suffered pain, bleeding gums, and a broken tooth.

Plaintiff wrote three letters to Defendant Wexford Health Sources, Inc. ("Wexford"), complaining about Defendant Overall's inaction.  Defendant Wexford responded that Defendant Overall had addressed his needs, and he should write a grievance if he had any problems (Doc. 1, p. 6).  Plaintiff contends that Defendant Wexford is at fault for the delay in treating his dental problems because they failed to hire a full time dentist or provide sufficient dental staff at the prison.

Plaintiff further complained in January 2012 to Defendant Atchison (Menard Warden) and to Defendant Godinez (Director of the Illinois Department of Corrections) (Doc. 1, p. 7).  His emergency grievance to Defendant Atchison explained Plaintiff's severe pain, bleeding gums, headaches, broken tooth, and swollen gums due to Defendant Overall's failure to provide him with dentures.  Defendant Atchison signed the grievance and returned it with no action.  Plaintiff's letter to Defendant Godinez contained the same information, and explained that Plaintiff had written to Defendant Wexford complaining of the lack of treatment.  Defendant Godinez responded by telling Plaintiff to write a grievance.

Plaintiff seeks declaratory relief, compensatory and punitive damages.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Overall, Wexford, Atchison, and Godinez for deliberate indifference to a serious dental condition.

---

[1] Plaintiff does not indicate when or if he ultimately was fitted for dentures.  As he has not requested injunctive relief, the Court is hopeful that he has by now received adequate dental care.

**Pending Motion**

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

**Disposition**

The Clerk of Court shall prepare for Defendants **WEXFORD HEALTH SOURCES, INC., OVERALL, ATCHISON,** and **GODINEZ**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

   **IT IS SO ORDERED.**

   **DATED:** February 27, 2013

             <u>s/ **G. Patrick Murphy**</u>
             G. PATRICK MURPHY
             United States District Judge